IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Christopher Adam Tessinger,<br><br>Petitioner,<br><br>v.<br><br>Warden FCI Williamsburg,<br><br>Respondent. | C/A No. 8:18-cv-00157-JFA<br><br>**ORDER** |

This matter is before the Court on Respondent Warden FCI Williamsburg's ("Respondent") Motion to Dismiss or, in the alternative, for Summary Judgment ("Motion") (ECF Nos. 11, 12) as to Petitioner Christopher Adam Tessinger's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (ECF No. 1). Petitioner, a federal prisoner proceeding pro se, filed his Petition on January 19, 2018. (ECF No. 1). Respondent filed the Motion on March 13, 2018, asking the Court to dismiss the Petition. (ECF Nos. 11, 12). On March 14, 2018, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised to respond to the Motion and of the possible consequences of failing to adequately respond. (ECF No. 13). Petitioner filed a Response to the Motion on April 11, 2018, and a Supplemental Response on July 23, 2019. (ECF Nos. 17, 19).

After reviewing the pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"), which recommends Respondent's Motion be

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made,

granted and Petitioner's Petition be denied. (ECF No. 21). The Report sets forth, in detail, the relevant facts and standards of law on this matter (ECF No. 21), and the Court incorporates such without a recitation. The Magistrate Judge filed the Report on August 6, 2018, and Petitioner was advised of his right to file objections to that Report by August 20, 2018. (ECF Nos. 21, 21-1). Petitioner timely filed his Objections on August 15, 2018. (ECF No. 23). Thus, the Motion is ripe for review.

I.  **LEGAL STANDARD**

A district court is required to conduct a *de novo* review only of the specific portions of the Magistrate Judge's Report to which objections are made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *see also Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, the Court is not required to give an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made specific written objections. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations."

---

and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

*Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims," the Court need not conduct any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see also McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding the petitioner's objections to be without merit where the objections were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition); *Arbogast v. Spartanburg Cty.*, No. 07:11-cv-00198-GRA, 2011 WL 5827635, at *2 (D.S.C. Nov. 17, 2011) (finding that the plaintiff's objections were not specific where the objections were "general and conclusory in that they merely reassert[ed] that his conviction was wrongful.").

Because Respondent has presented to the Court matters outside the pleadings, which the Court did not exclude, Respondent's motion to dismiss shall be treated as one for summary judgment.[2]

---

[2] The Court notes that much of the information contained in Respondent's declaration and exhibits is referenced in the Petition; however, out of an abundance of caution, the Court will treat the motion as one for summary judgment.

## II. DISCUSSION

The entirety of Petitioner's arguments and objections can be distilled into one allegation: that the Bureau of Prisons ("BOP") abused its discretion in denying Petitioner's application for nunc pro tunc designation by failing to contact the judge who conducted his federal sentencing pursuant to the statutory factors articulated in 18 U.S.C. § 3621(b). (ECF No. 23). Although Petitioner broadly alleges that the BOP did not address "these statutory factors," he only specifically objects to the BOP's treatment of Factor 4, which requires the BOP to consider statements made by the sentencing court in making its nunc pro tunc determination. (ECF No. 23 at 7). With respect to Petitioner's challenge to the BOP's denial of his request for a nunc pro tunc designation, the Court finds that the BOP did not abuse its discretionary authority in denying Petitioner's request.

Federal statute mandates that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585. The BOP is prohibited from applying any prior custody credit toward a federal sentence unless the prior time served was a result of (1) the offense for which the current sentence was imposed or (2) a charge for which the petitioner was arrested after the commission of the offense for which the current sentence was imposed. 18 U.S.C. § 3585(b).

Moreover, § 3585(b) prohibits the BOP from applying prior custody credit toward the federal sentence if the prisoner already received the credit toward another sentence. *Id.*; *see, e.g.*, *United States v. Brown*, 977 F.2d 574, 1992 WL 237275, at *1 (4th Cir. 1992) (unpublished table decision) (citing 18 U.S.C. § 3585(b)) ("[A] defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has

been credited against another sentence."). As a result, in enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).

An inmate in non-federal custody may have his federal sentence commence the date it is imposed if the BOP makes a nunc pro tunc designation under 18 U.S.C. § 3621(b), which allows the non-federal facility to serve as a place for service of the federal sentence. *Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1990). Section 3621(b) enumerates the following factors for the BOP to consider in making a nunc pro tunc designation: (1) the resources of the non-federal facility; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the sentencing court; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2). 18 U.S.C. § 3621. While under no obligation to grant a nunc pro tunc designation request, the BOP is to consider the language of the federal and state judgments, the state sentence data record to include jail credit, and "any other pertinent information relating to the federal and state sentences." BOP Program Statement 5160.05(9)(b)(4)(b). The BOP is afforded wide latitude in exercising its delegated authority under § 3621(b). *Barden*, 921 F.2d at 483; *Trowell v. Beeler*, No. 04-6531, 2005 WL 1181858, at *2 (4th Cir. May 19, 2005) (unpublished). Further, the BOP's decision to grant or deny a nunc pro tunc designation is subject to judicial review only for the purposes of abuse of discretion. *Barden*, 921 F.2d at 478.

According to the record, the BOP exercised its broad discretion in denying Petitioner's nunc pro tunc application after it applied the BOP Program Statement § 5160.05 and the five statutory factors from 18 U.S.C. § 3621(b), particularly Factor 4, because it contacted the sentencing court and considered that court's recommendation. (ECF No. 21 at 13). On April 14,

2017, the BOP sent correspondence to the federal sentencing court to obtain the sentencing court's opinion regarding the granting of a retroactive nunc pro tunc designation due to the sentencing court's silence as to whether the sentence should run consecutively or concurrently to Petitioner's state sentence. (ECF No. 11-2 at 3 ¶ 5, 4 ¶ 9). The sentencing court responded, directing that Petitioner's federal term run consecutive to his state term. *Id.* On May 3, 2017, the BOP denied Petitioner's request for a retroactive nunc pro tunc designation "after a review of the Factors Under 18 U.S.C. 3621(b)." *Id.* at 4 ¶ 10.

Petitioner argues that because the sentencing court did not articulate whether his sentence would run consecutively or concurrently at the time of sentencing, the BOP should have contacted the Honorable Henry F. Floyd, the sentencing judge who is no longer a district judge, instead of the Honorable Bruce H. Hendricks, to whom Petitioner's case was transferred. (ECF Nos. 1-1 at 4, 23 at 7-8). However, the statute in question does not specify which particular judge of the sentencing court must be contacted; rather, it instructs the BOP to consider statements by the sentencing court. 18 U.S.C. § 3621. Consequently, Petitioner's argument that the BOP did not contact the sentencing court is clearly without merit and it was proper for the BOP to consider Judge Hendricks' statement.

Additionally, the law is clear that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Even though the sentencing court was initially silent as to whether Petitioner's sentence was to run consecutively or concurrently with his state sentence (ECF No. 11-2 at 3 ¶ 5), the sentencing court's silence means Petitioner's sentences were presumptively consecutive. Even further, upon the BOP's request, the federal sentencing court clarified its intention that the federal

sentence run consecutive to Petitioner's state term. (ECF No. 11-2 at 4 ¶ 9). Thus, it is clear that the sentences are meant to run consecutively.

It is worth noting that Petitioner, on the one hand, argues the BOP abused its discretion by failing to contact the sentencing judge pursuant to 18 U.S.C. § 3621 (ECF No. 23 at 7-8) while arguing, on the other hand, that the BOP abused its discretion by following the statutory instruction and BOP Program Statement § 5160.05 and considering federal and state judgments in making its nunc pro tunc determination (ECF No. 23 at 4-5). However, Petitioner cannot have it both ways. Petitioner even seems to insinuate that the Report erroneously allows the BOP to avoid considering the five statutory factors found in 18 U.S.C. § 3621 by considering instead the language of federal and state judgments (ECF No 23 at 4-5), but Factor 4 clearly instructs the BOP to consider court judgments when making its nunc pro tunc determination. *See* 18 U.S.C. § 3621. The Court finds that the BOP properly followed statutory directives and program rules, and thus did not abuse its discretion, in denying Petitioner's request for a nunc pro tunc designation.[3]

### III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 21). Therefore, Respondent's Motion (ECF Nos. 11, 12) is granted and

---

[3] To the extent Petitioner argues he is entitled to credit on his federal sentence for the time he spent in federal custody when he was borrowed from state officials pursuant to the writ of habeas corpus ad prosequendum, a prisoner is not "in custody" when he appears in another jurisdiction's court pursuant to a writ of habeas corpus ad prosequendum; he is merely "on loan" to that jurisdiction. *Stewart v. Bailey*, 7 F.3d 384, 389 (4th Cir. 1993) (citing *Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992)). Additionally, a prisoner is not entitled to prior custody credit for time spent in federal detention pursuant to a writ of habeas corpus ad prosequendum, when the time period was credited against his state sentence. *Williamson v. Pettiford*, C/A No. 8:07-3739 HMH-BHH, 2008 WL 2076664, at *3–4 (D.S.C. May 9, 2008).

Petitioner's Petition (ECF No. 1) is dismissed with prejudice.

IT IS SO ORDERED.

March 22, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge